9/9/13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

HAMZAH ALI AHMED                                                              MOVANT

v.                                                                            No. 1:06CR118-D-S

UNITED STATES OF AMERICA                                                      RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion, through counsel, by Hamzah Ali Ahmed to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Government has responded to the motion, and Ahmed has replied. The matter is ripe for resolution. For the reasons set forth below, Ahmed's motion under § 2255 will be dismissed as untimely filed.

### Facts and Procedural Posture

On August 24, 2006 Hamzah Ali Ahmed was named in twelve counts of a thirty-nine count indictment for various offenses related to distributing pseudoephedrine to manufacture methamphetamine. On June 20, 2007, a plea agreement signed by Mr. Ahmed and his counsel was filed with the court. The agreement provided that the defendant would plead guilty to count one that charged conspiracy to aid and abet in the distribution of methamphetamine, which "carries maximum possible penalties of not more than 20 years imprisonment." The Government agreed to dismiss the remaining counts of the indictment pertaining to Ahmed.

The plea agreement provided that "there is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to defendant by his attorney." The agreement also provided that "[a]part from being advised of the applicability of the U. S. Sentencing Guidelines,

no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty." The plea agreement also included a waiver of all appeals and collateral attacks. Ahmed appeared before the court with counsel on June 25, 2007, to tender a guilty plea to count one. The court advised and questioned him regarding the essentials of a valid guilty plea, and Ahmed affirmed under oath that he knew and understood the following:

- His untruthful answers were subject to the penalties of perjury; (Plea Tr. 5).

- He had the right to a trial at which the Government would be required to prove him guilty beyond a reasonable doubt before he could be found guilty; (Plea. Tr. 8).

- If he pled guilty there would be no trial and the court would sentence him on his guilty plea after considering a presentence report; (Plea Tr. 10).

- He was charged with conspiracy to aid and abet in the distribution of methamphetamine, and before he could be convicted the Government would have to prove beyond a reasonable doubt key elements, which were read to Ahmed on the record during the change of plea proceeding; (Plea Tr. 11-12).

- The maximum possible punishment he faced as a result of his guilty plea was imprisonment for not more than 20 years; (Plea Tr. 12).

- The Sentencing Commission Guidelines would apply to his case and he had discussed with his attorney how they might apply; (Plea Tr. 13).

- The court would not be able to determine his guideline sentence until a presentence report had been completed and once the guideline sentence was established, the Court had authority in some circumstances to impose a sentence more severe or less severe than called for by the guidelines; (Plea Tr. 13-14).

- If the sentence were more severe than he expected, he would still be bound by his plea and would have no right to withdraw it; (Plea Tr. 14).

- No one had made any promise or promises to him other than contained in the plea agreement that induced him to plead guilty; (Plea Tr. 19).

- Other than discussing the guidelines, no one had made any prediction of what his sentence would be; (Plea. Tr. 19).

Following the colloquy with the defendant, the prosecutor summarized the plea agreement and provided a factual basis for Ahmed's guilty plea. The recitation of the plea agreement included the provision that there was no agreement as to the sentence to be imposed, which was in the sole discretion of the court subject to the sentencing guidelines. (Plea Tr. 16-17). Ahmed agreed that the prosecutor has accurately stated the plea agreement. (Plea Tr. 18). Ahmed further agreed with the factual basis presented by the United States at the change of plea which established that Ahmed sold 44,303 pills containing pseudoephedrine, knowing and having reason to believe the substance would be used to manufacture methamphetamine. (Plea Tr. 24). The court accepted Mr. Ahmed's guilty plea after finding that it was knowingly and voluntarily entered and there was a factual basis for it. (Plea Tr. 24-25).

On August 14, 2008, Ahmed was sentenced to 138 months imprisonment. Almost three years later, on June 9, 2011, Ahmed filed his first § 2255 motion, asserting that his attorney failed to inform him of the consequences of a guilty plea. That motion was denied by this honorable Court on January 10, 2013.

On January 15, 2013, Ahmed filed a new motion through counsel, asking the court to alter the judgment; the court denied the § 2255 motion. Ahmed then submitting an amended § 2255 motion. On February 8, 2013, this Court entered an order granting Ahmed's motion to alter, allowing submission of the amended § 2255 motion, and directing the United States to respond. The United States responded, and Ahmed has replied.

## One-Year Limitations Period

Resolution of this case is governed by 28 U.S.C. § 2255, which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to Section 2255(f)(1), Ahmed's conviction became final on September 1, 2008, when the then ten-day period for filing a notice of appeal following the judgment expired. See FED. R. App. P. 4(b)(1) (amended on December 1, 2009 to change the time for filing a notice of appeal to fourteen days); *see also United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008). Section 2255(f)(2) - (3) does not apply in this case, as Ahmed does not allege that government action prevented him from filing his Section 2255 motion earlier, and the basis of the motion is ineffective assistance of counsel, which is not a newly recognized right. With regard to Section 2255(f)(4), the facts supporting Ahmed's ineffective assistance of counsel claim became known or could have become known through the exercise of due diligence when

Ahmed's conviction became final. As such, the latest date from which the one-year period could run under § 2255 is the date the conviction became final, September 1, 2008, and the latest date which the Ahmed could have timely filed his § 2255 motion was a year later on September 1, 2009. Ahmed did not file his § 2255 petition until June 9, 2011 – some two years and nine months after his conviction became final. As such, his § 2255 petition is untimely unless he shows that the court should apply equitable tolling to extend the filing deadline.

### Equitable Tolling

Ahmed argues that he is entitled to equitable tolling of the federal *habeas corpus* one-year limitations period because he was misled by his attorney as to his plea and sentencing and the filing of the § 2255 motion itself. Section 2255's one-year limitations period is not jurisdictional and subject to equitable tolling in "rare and exceptional circumstances" when "strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 928, 930 (5th Cir. 2000) (per curiam) (*citing Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Equitable tolling should be used only unusual circumstances. *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). A person seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007) (internal quotations marks and citation omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson*, 211 F.3d

at 930-31 (internal quotation marks and citations omitted). The Sixth Amendment guarantees a criminal defendant the right to have the assistance of counsel for his defense in all criminal proceedings. U.S. Const. Amend VI. This right includes all stages of the criminal proceeding, including the plea and sentencing. However, "a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). Thus, the court will not consider any ineffective assistance of counsel claims pertaining to the filing of the Section 2255 motion, or any other motion seeking post-conviction relief because those claims are "irrelevant to the tolling decision." *Id*. The court will thus limit analysis of the present motion Ahmed's claims for ineffective assistance of counsel to his criminal proceeding, including his plea and sentencing.

A movant may be entitled to equitable tolling if he reasonably relied on misrepresentations made by his counsel. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *see also Holland*, 130 S. Ct. at 2574, 177 L.Ed.2d 130 (requiring "proof of [the attorney's] bad faith, dishonesty, divided loyalty, mental impairment or so forth" in a § 2255 petition alleging attorney misconduct claim is too rigid a standard to impose for equitable tolling). However, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Petty*, 530 F 3d at 366 (*citing Riggs*, 314 F .3d at 799). "[N]either a [litigant's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (internal citation omitted). In the present case, Ahmed claims that his attorney promised a favorable outcome that never came to pass. Ahmed claims that his attorney lied to the Ahmed and his family – first, promising that Ahmed would not be sentenced to incarceration

at all, and then, following his sentencing, that he would be released within one day because his attorney had "a plan" and contacts with people who would get him released. Section 2255 Mot. [425] at 3-4. Ahmed included in his motion an affidavit by his daughter stating that Ahmed "had trouble communicating" with his attorney due to a language barrier and that the attorney led them all to believe that if Ahmed signed a plea agreement and cooperated with the prosecution, "he would not face one day in jail." Ahmed Aff. [425] at 54.

According to his daughter, although Ahmed signed the plea agreement, he later told his family he did so against his will. *Id.* However, at his plea colloquy, through the aid of an interpreter, Ahmed repeatedly informed the court – even without being asked – that his attorney had explained the consequences of entering a guilty plea to him "in detail . . . more than ten times." *See, e.g.*, Plea Colloquy [425] at 15, 16. Ahmed testified under oath that he understood he was waiving his right to trial, where he would have been presumed innocent unless the government met its burden of proving his guilt beyond a reasonable doubt – and that he would have had an opportunity to cross-examine any witness brought against him. *Id.* at 16-17. Ahmed testified that his attorney had "repeatedly explained" this to him. *Id.*

Ahmed also testified under oath that he understood that even if his sentence was more severe than he expected, he would still be bound by the plea agreement and have no right to withdraw his plea, *id.* at 22; that no one had threatened him or forced him to plead guilty, *id.*; and that his attorney had made no promises to him concerning his sentence, *id.* at 28. Though Ahmed now contends that his attorney promised him that he would be released, rather than incarcerated, "reliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary. As long as the defendant

understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *See United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) (internal quotation marks and citation omitted); *see also United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (internal quotation marks and citations omitted).

Ahmed claims now that his attorney promised – first that he would receive no prison time at all – then, that Ahmed would be incarcerated for only one night. As discussed above, Ahmed did not mention either of these promises during the sentencing hearing of August 14, 2008, or immediately afterward. By his second night's incarceration, about August 16, 2008, Ahmed must have known that his attorney's alleged promises were false, as he had spent more than one night as an incarcerated man. Yet, Ahmed took no action to notify the court via letter or motion until he filed the instant motion under 28 U.S.C. § 2255 with this court on June 9, 2011, nearly three years later. Though Ahmed attempts to show that he diligently pursued § 2255 relief by acquiring new counsel, he did not do so until October 2010 – more than one year after the statute of limitations for a § 2255 motion passed. By any rational measure, a delay of over two years in pursuit of § 2255 relief does not constitute due diligence. His first § 2255 motion was filed nearly two years after the filing deadline, and the second motion was filed about four years after the deadline, and he has not shown any exceptional circumstances to warrant equitable tolling of the limitations period. *Fisher v. Johnson*, 174 F.3d 710, 713, 715-716 (5th Cir. 1999). Ahmed would not be entitled to equitable tolling for this reason alone.

It was Ahmed's responsibility to let the court know of any promises regarding his sentence when the court asked at the plea hearing, and Ahmed's failure to do so rebuts his claim now that his attorney made such a promise. *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986).

As the Sixth Circuit held:

> [O]nce it became clear at the sentencing hearing that [his sentence would be far longer than a single day], it would have been reasonable for [Ahmed], who was present and represented by counsel, to object if [his sentence was greater that what he was promised].
>
> . . .
>
> [Ahmed's failure to inform the court of his attorney's promise – and to object when the sentence imposed greatly exceeded that promised – ] constitutes a waiver in this situation.

*Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).

Ahmed knew the maximum prison term and fine he faced, as he received this information in several forms throughout the course of his proceeding, including: (1) the notice of penalties attached to his indictment, which he acknowledged receiving; (2) in the first provision of the plea agreement he signed; (3) through his attorney, according to Ahmed's testimony under oath; and (4) by the court itself at the plea colloquy. Though Ahmed is unhappy with the result of his criminal proceeding, he has not demonstrated any rare or exceptional circumstance that would warrant equitable tolling in this case. Ahmed has not met his burden regarding equitable tolling; as such, his motion to vacate will be denied as untimely. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 9th day of September, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE